IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRANDY ACALEY, individually, and on
behalf of similarly situated individuals,

                Plaintiff,

   v.

ECOATM, LLC,

                Defendant.

Case No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant ecoATM, LLC

("ecoATM") hereby gives notice of removal of this action from the Circuit Court of Cook

County, Illinois to the United States District Court for the Northern District of Illinois.

## I.      THE STATE COURT ACTION

On January 5, 2021, Plaintiff Brandy Acaley ("Plaintiff") commenced this action in the

Circuit Court of Cook County, titled *Brandy Acaley v. ecoATM, LLC*, Case. No. 2021-CH-

00034. Copies of the summons and complaint were served on ecoATM on January 13, 2021. *See*

Ex. 1 (service of process transmittal); Ex. 2 (summons); Ex 3 (class action complaint). No other

"process, pleadings, [or] orders" have been served upon ecoATM in the Circuit Court of Cook

County. 28 U.S.C. § 1446(a).

The Complaint alleges that ecoATM "unlawfully collects, stores, uses and disseminates

Plaintiff's biometric identifiers and information, without ever receiving the individual's informed

written consent." Ex. 3 ¶ 38. Based on these and other allegations, Plaintiff asserts three claims

for violation of subsections 14/15(a), 14/15(b), and 14/15(d) of the Illinois Biometric

Information Privacy Act ("BIPA"), 740 ILCS 14/1. *See* Ex. 3 ¶¶ 67-94.

Plaintiff also seeks to represent a proposed class of "[a]ll individuals the [sic] State of

Illinois who had their biometric identifiers and information collected, captured, received,

obtained, maintained, stored, or disclosed by [ecoATM] during the applicable statutory period," *id*. ¶ 57, and alleges that "the class is so numerous that joinder of all members is impractical," *id*. ¶ 58, and that "the total number of putative class members exceeds fifty (50) individuals, *id*. ¶ 59. Among other relief, Plaintiff seeks on behalf of herself and every class member: (1) declaratory relief, (2) injunctive and equitable relief, (3) statutory damages, (4) attorneys' fees and costs, and (5) pre- and post-judgement interest. *Id.* p. 20.

## II. GROUNDS FOR REMOVAL

**A. This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

**1. This is a putative class action in which the aggregate number of proposed class members is 100 or more.**

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiff seeks to represent a putative class pursuant to 735 ILCS 5/2-801, *see* Ex. 3 ¶ 55, which authorizes "[a]n action [to] be maintained as a class action . . . if (1) The class is so

numerous that joinder of all members is impracticable[,] (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) The representative parties will fairly and adequately protect the interest of the class[, and] (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801. These requirements are "patterned" after those of Federal Rule of Civil Procedure 23. *See Smith v. Illinois Cent. R.R. Co.*, 860 N.E.2d 332, 338 (Ill. 2006). It is thus a "similar State statute" under CAFA.

Moreover, Plaintiff contends that ecoATM "requires users of its kiosks to submit at least two facial geometry scans," which she contends are biometric data.[1] Ex. 3 ¶¶ 30-37. She purports to bring this action on behalf of "[a]ll individuals the [sic] State of Illinois who had their biometric identifiers and information collected, captured, received, obtained, maintained, stored, or disclosed by [ecoATM] during the applicable statutory period," Ex. 3 ¶ 57, and alleges that "the class is so numerous that joinder of all members is impractical," *id*. ¶ 58, and that "the total number of putative class members exceeds fifty (50) individuals, *id*. ¶ 59. As stated in the sworn declaration accompanying this Notice of Removal, over the one-year period preceding January 5, 2021 (the date the complaint was filed), there were more than 1,000 users of ecoATM kiosks located in the state of Illinois. *See* Declaration of Brian Fahey In Support of Notice of Removal ¶ 2 (attached hereto as Exhibit 4); *see also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 822 (7th Cir. 2013) (finding removal proper where "[t]he notice of removal included an affidavit from a Trailer Transit executive estimating the total damages at stake"); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("Defendants may introduce their own affidavits, declarations, or other documentation [to support removal.]").

---

[1] Evidence will show that ecoATM does not in fact collect facial geometry scans at its kiosks. But for purposes of removal the Court must accept the allegations in the complaint as true. *See Elftmann v. Vill. of Tinley Park*, 191 F. Supp. 3d 874, 878 (N.D. Ill. 2016) ("[T]he court must examine the plaintiffs' complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint."); 77 C.J.S. Removal of Cases § 4 ("For purposes of determining removability, the allegations of the petition or complaint must be taken as true, and at their face value.").

The class as alleged thus consists of more than 100 members. Accordingly, this is a putative class action in which the aggregate number of proposed class members is 100 or more.

**2.      The amount in controversy exceeds $5,000,000.**

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Because the proposed class is comprised of more than 1,000 individuals, *see* Ex. 4 ¶ 2, and because Plaintiff presents as a common question "[w]hether the [alleged] violations of BIPA were committed intentionally and/or recklessly," Ex. 3 ¶ 60, and seeks to recover "statutory damages of $5,000 for each willful and/or reckless violation of BIPA," *id*. ¶ 75, the amount in controversy in this case exceeds the threshold requirement of $5,000,000. *See, e.g.*, *Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible"). The amount in controversy is sufficient for removal purposes under CAFA.

**3.      The parties are minimally diverse.**

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiff is a citizen of Illinois, while ecoATM is a citizen of only the states of Delaware and California. *See* Ex. 3 ¶¶ 13-14 (alleging that ecoATM is incorporated under the laws of Delaware and has its principal place of business in San Diego, California); 28 U.S.C.

§1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Accordingly, the parties are minimally diverse under CAFA.

**B.      None of CAFA's exceptions bars removal in this case.**

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed" 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because the only defendant, ecoATM, is a citizen of California and Delaware and is not a citizen of Illinois—the state where the action was filed. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Ex. 3 ¶¶ 67-94 (asserting BIPA claims).

**C.      Venue is Proper.**

The Northern District of Illinois, Eastern Division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Cook County. *See* 28 U.S.C. § 1441(a).

**D.      ecoATM has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. Copies of the Summons and Complaint were served on ecoATM on January 13, 2021, *see* Exs. 1-3, and this Notice of Removal is filed within 30 days of service of the complaint in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a). As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon ecoATM are being filed herewith as Exhibits 1 through 3.

Pursuant to 28 U.S.C. § 1446(d), ecoATM will promptly serve on Plaintiff and file with the Cook County Court a "Notice to Adverse Party of Removal to Federal Court," and will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

## III.      RESERVATION OF RIGHTS AND DEFENSES

None of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of ecoATM's rights or defenses. To the contrary, ecoATM expressly reserves all of its rights and defenses.[2] *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *see also Bryan v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2009 WL 440485, at *3 (N.D. Cal. Feb. 23, 2009) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed occur."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that

---

[2] This includes the right to enforce its Terms of Use, which provide for mandatory arbitration, application of California law, a waiver of class claims, and exclusive venue in San Diego, California. *See* https://www.ecoatm.com/pages/terms-and-conditions.

Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## IV.  CONCLUSION

In light of the forgoing, ecoATM respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. In addition, ecoATM further requests whatever other relief the Court deems appropriate.

Dated:  February 11, 2021                    **PERKINS COIE LLP**

                                             By:  */s/* Debra R. Bernard
                                                  Debra R. Bernard (ARDC No. 6191217)
                                                  DBernard@perkinscoie.com

                                                  Attorney for Defendant
                                                  ecoATM, LLC.

Debra R. Bernard (ARDC No. 6191217)
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603
Telephone: (312) 324-8400
Facsimile: (312) 324-9400
DBernard@perkinscoie.com

Nicola C. Menaldo (*Pro Hac Vice* application
forthcoming)
Anna Mouw Thompson (*Pro Hac Vice* application
forthcoming)
AnnaThompson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 11, 2021, a copy of the foregoing **NOTICE OF**

**REMOVAL** was served via email on the following attorneys of record:

Ryan F. Stephan
James B. Zouras
Catherine T. Mitchell
STEPHAN ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com
Firm ID: 43734

Attorneys for Plaintiff

/s/ Debra R. Bernard

.

151424714.1